UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLEVELAND NELSON,           :    CIVIL ACTION NO. 3:CV-05-1843

         Petitioner       :    (Judge Nealon)

       v.              :

RONALD HOLT, Warden     :

         Respondent    :

**FILED**
**SCRANTON**

JAN 2 0 2006

PER _____
         DEPUTY CLERK

## MEMORANDUM AND ORDER

Presently before the court is a petition for writ of corpus filed pursuant to 28

U.S.C. § 2241 by Petitioner, Cleveland Nelson ("Nelson"), an inmate currently

confined in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"),

Minersville, Pennsylvania. Nelson challenges the validity of his conviction from

the United States District Court for the Eastern District of North Carolina. The

required filing fee has been paid. Named as the sole respondent is the Warden at

FCI-Schuylkill.

## Background

On January 12, 1995, following a jury trial in the United States District

Court for the Eastern District of North Carolina, Nelson was found guilty of one

count of conspiracy to possess and distribute cocaine (crack) in violation of 21

U.S.C. § 846 and three separate counts of distribution of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.  See United States v. Nelson, et al., Crim. Action No. 3:94-cr-0057-ALL (E.D. N.C. 1994).

On June 15, 1995, the District Court for the Eastern District of North Carolina sentenced Nelson to a concurrent 360 month term of incarceration, to be followed by five years supervised release and a mandatory special assessment.  Id. On June 22, 1995, Nelson filed a direct appeal from his conviction.  On July 2, 1996, the United States Court of Appeals for the Fourth Circuit affirmed Nelson's conviction.  See United States v. Nelson, 89 F.3d 830 (4th Cir. 1996).

On July 24, 1997, Nelson filed a petition with the sentencing court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  See United States v. Nelson, Civil. Action No. 5:97-CV-0578-H (E. D. N.C. 1997).  On April 29, 1998, the sentencing court denied Nelson's § 2255 motion.  Id.  Nelson appealed the sentencing court's denial of his § 2255 motion to the United States Court of Appeals for the Fourth Circuit.  On November 16, 1998, the Fourth Circuit denied Nelson a certificate of appealability and dismissed the appeal based on the

-2-

reasoning set forth by the District Court. <u>United States v. Nelson</u>, 165 F.3d 912 (4th
Cir. 1998).

On July 9, 2003, Nelson filed a motion for relief from judgment in the
sentencing court, pursuant to Fed.R.Civ.P. 60(b)(6). By Order dated August 1,
2003, the sentencing court denied Petitioner's motion. On October 2, 2003, Nelson
filed an appeal to the United States Court of Appeals for the Fourth Circuit, from
the sentencing court's August 1, 2003 Order. On May 28, 2004, the Court of
Appeals "construe[d] Nelson's notice of appeal and informal brief on appeal as an
application to file a successive § 2255 motion" and denied same. <u>United States v.
Nelson</u>, 97 Fed. Appx. 450 (4th Cir. 2004). Because the motion was construed as
an application to file a successive petition, the Court of Appeals vacated the
sentencing court's order denying the Rule 60(b) motion, and remanded the action to
the district court with instructions to dismiss the motion. <u>Id</u>. On August 13, 2004,
the sentencing court treated Nelson's Rule 60(b) motion as a successive petition
and dismissed same for lack of jurisdiction.

On September 13, 2005, Nelson filed the instant petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). He seeks relief on the
basis of the following:

> 1.  Petitioner's conviction was obtained and sentence was
>     and is being executed in violation of a treaty of the
>     United States, specifically, the International Covenant on
>     Civil and Political rights.
>
> 2.  Unconstitutional application of mechanical sentencing
>     violated rights to due process.
>
> 3.  Title 21 U.S.C. §§ 841 and 846 are unconstitutional.

<u>Id</u>.

On October 17, 2005, Nelson filed a supplement to his petition (Doc. 6), in which he seeks to add the claim that his conviction and sentence should be vacated under <u>Apprendi v. New Jersery</u>, 530 U.S. 466 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Specifically, Petitioner claims he is entitled to seek § 2241 relief under the § 2255 savings clause based on the subsequent change in the law as articulated in <u>Apprendi</u>. For the reasons that follow, the petition for writ of habeas corpus will be dismissed, without prejudice.

**II    Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C.

-4-

§ 2255. E.g., <u>United States v. Addonizio</u>, 442 U.S. 178, 179 (1979).  In the instant

case, Nelson clearly maintains that his federal conviction and sentence violates his

constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas

corpus in behalf of a prisoner who is authorized to apply for relief by motion

pursuant to this section, shall not be entertained if it appears that the applicant has

failed to apply for relief, by motion to the court which sentenced him, or that such

court has denied him relief, unless it also appears that the remedy by <u>motion is

inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is

established "'that some limitation of scope or procedure would prevent a Section

2255 proceeding from affording the prisoner a full hearing and adjudication of his

claim of wrongful detention.'"  <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d

Cir. 1971) (per curiam) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d

681, 684 (3d Cir. 1954)).  It has been recognized that the burden is on the habeas

petitioner to allege or demonstrate inadequacy or ineffectiveness.  <u>See Id.</u>; <u>Cagle v.

Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966).  Furthermore, prior unsuccessful §

2255 motions filed in the sentencing court are insufficient in and of themselves to

show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843

F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker,

369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy,

not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay,

794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to

issues cognizable by the sentencing court under § 2255, a motion under § 2255

"supersedes habeas corpus and provides the exclusive remedy." Strollo v.

Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046

(1972).  Moreover, the legislative limitations placed on § 2255 proceedings simply

do not render the remedy inadequate or ineffective so as to authorize pursuit of a

habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir.

1997).

To seek federal post-conviction relief from a judgment of conviction,

persons convicted in federal court are required to bring their collateral attacks

challenging the validity of their conviction and sentence by filing a motion to

vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at

249.  If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C.

§2241, the habeas petition must be dismissed for lack of jurisdiction. <u>Galante</u>, 437

F.2d at 1165.

It is the petitioner's burden to prove that §2255 would be an inadequate or

ineffective remedy. <u>Reyes-Requena v. United States</u>, 243 F. 3d 893, 901 (5th Cir.

2001) (<u>citing Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)).  Nelson has not

met this burden.  Section 2255 is not inadequate or ineffective merely because

Nelson is unable to meet the gatekeeping requirements for filing a second § 2255

motion. <u>In re Dorsainvil</u>, 119 F.3d at 251.

Moreover, Nelson has not shown that the Supreme Court intended <u>Apprendi</u>

to be applied retroactively to cases on collateral appeal. Whether a "new rule"

applies retroactively to final convictions generally depends on whether the rule

announced by the Supreme Court is substantive or procedural.  New substantive

rules generally apply retroactively while new procedural rules generally do not

unless they implicate the fundamental fairness and accuracy of criminal

proceedings. <u>See</u> <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2523 (2004)("New rules

of procedure generally do not apply retroactively. They do not produce a class of

persons convicted of conduct the law does not make criminal, but merely raise the

-7-

possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."); see also Teague v. Lane, 489 U.S. 288 (1989).

The Third Circuit Court of Appeals has held that Apprendi is not to be applied retroactively to cases on collateral review. See United States v. Swinton, 333 F.3d 481, 485-87 (3d Cir.2003). Thus, relief via the possible application of Apprendi is unavailable to Nelson.

Finally, Apprendi does not place Nelson in the narrow exception of those eligible to file a section 2241 petition as recognized in Dorsainvil, supra. Dorsainvil requires a precedent that makes the conduct of conviction non-criminal. The Third Circuit has held that the Dorsainvil rationale does not permit pursuit of Apprendi claims by way of § 2241 petitions:

> Unlike the intervening changes in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render [drug trafficking], the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-121. Petitioner finds himself in a very similar situation. Nelson was found guilty of conspiracy to possess and distribute crack cocaine and aiding and abetting in the distribution of crack cocaine. He does not contend that

he did not aid or abet in the furtherance of drug trafficking.  Thus, Nelson's claims

do not fall within the narrow opening for § 2241 review in the district of

confinement created in <u>Dorsainvil</u>.  Since it cannot be said that § 2255 is

inadequate or ineffective to test the legality of Petitioner's detention or sentence,

his § 2241 petition must be dismissed.  Accordingly, Nelson's § 2241 petition will

be dismissed, but without prejudice so that he is not foreclosed from pursuing relief

in the future in the event that the Supreme Court holds that the kind of claim

presented here may be considered on collateral review.  <u>See</u> <u>In re Turner</u>, 267 F.3d

225, 231 (3d Cir. 2001).

An appropriate order is attached.


DATE: January 20, 2006            <u>s/ William J. Nealon</u>
                                  **United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLEVELAND NELSON,                    :    CIVIL ACTION NO. 3:CV-05-1843
                                     :
            Petitioner               :    (Judge Nealon)
                                     :
      v.                             :
                                     :
RONALD HOLT, Warden                  :
                                     :
            Respondent               :

## ORDER

**NOW, THIS 20th DAY OF JANUARY, 2006,** for the reasons set forth in

the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    The petition for a writ of habeas corpus (Doc. 1) is
      **DISMISSED,** without prejudice, for lack of jurisdiction.

2.    The Clerk of Court shall **CLOSE** this case.


                                 s/ William J. Nealon
                                 **United States District Judge**


-10-